IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EULAH B. BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-00294-CV-W-HFS |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is defendant's motion to dismiss this action due to lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Plaintiff initially filed a complaint with her employer, the United States Postal Service, alleging discrimination based on race, national origin, disability, and age, as well as harassment and retaliation.[1]

Following an investigation, on December 21, 2004, the Postal Service issued a Final Agency Decision ("FAD") which closed the case, finding no discrimination based on race, national origin, age, disability, and retaliation. (Motion To Dismiss Supporting Suggestions: Ex. 1, pg. 11). Plaintiff was also advised of her right to "file a civil action in an appropriate United States District court, within 90 calendar days" from the date of receipt of this decision. (Id).

On March 29, 2005, plaintiff sought leave before this court to proceed in forma pauperis. According to defendant, plaintiff's receipt date of the FAD was December 27, 2004, resulting in a deadline of March 27, 2005, in which to file suit. This would render plaintiff's March 29th filing

---

[1] The complaint was filed through a counselor with the Equal Employment Opportunity ("EEO") investigative unit. (Motion To Dismiss Supporting Suggestions: Ex. 2).

untimely. Defendant's argument is based on its contention that the FAD was mailed to plaintiff from the Western Area office. on December 21, 2004, with a presumptive receipt date of December 27, 2004. Plaintiff does not state the date of receipt, but argues that, contrary to defendant's contention, the FAD was mailed to her from the Mid-America District office, at her request. on December 29, 2004.[2]

As previously noted, defendant's argument is based on a stated presumption by the Commissioner of the EEOC that based upon the certificate of service, receipt is presumed by the party within five calendar days after the date of mailing. (Reply Suggestions: Ex. 2, pg. 1). In support of its argument, defendant, through the affidavit of Michael Tarby[3], contends that a copy of the FAD was mailed to plaintiff on December 21, 2004.[4]

I find the law to be in some disarray on the procedural issue in question. Allowing addressees of mail to simply say "I didn't get it", and thereby avoid obligations seems unsound, yet it is also onerous to demand that people prove a negative. A useful survey of legal results appears in ex re. Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1355-7 (S.D. Ala. 2002). Footnote 3 refers to a ruling by Judge Urbom, an experienced and distinguished jurist in this Circuit, which requires more than a "bare assertion" of nonreceipt in order to avoid obligations. Velazquez v. Massanari,

---

[2] In her appeal to the EEOC, plaintiff asserts that she received the FAD decision on January 1, 2005. (Reply Suggestions: Ex. 2, pg. 1 n.1).

[3] An Equal Employment Opportunity ("EEO") Compliance and Appeals Specialist in the Western Area, United States Postal Service. (Motion To Dismiss Supporting Suggestions: Ex. 1: pg. 13; see also, Reply Suggestions: Ex. 1).

[4] The FAD also gives notice of the time in which to file an appeal to the EEOC of 30 days from the date of plaintiff's receipt of the decision. (Motion To Dismiss Supporting Suggestions: Ex. 1, pg. 11). In accepting January 1, 2005, as plaintiff's stated date of receipt of the FAD decision, plaintiff's appeal, dated March 2, 2005, was subsequently denied due to untimeliness. (Reply Suggestions: Ex. 2, pg. 1)

2

2002 WL 246760 (D.Neb.) Our late colleague from Kansas, Judge Van Bebber, ruled the same way, but was reversed by the Tenth Circuit. Witt v. Roadway Express, 136 F.3d 1424 (10th Cir. 1998). The appellate court held that a rebuttal to the presumption of receipt was created by a sworn denial, and the question of credibility must be left to a trier of fact. 336 F.3d at 1430. It might be implied from an Eighth Circuit decision, however, that there must be "some evidence" beyond a simple denial, to rebut the presumption of receipt of mail, even though "it may be hard . . .to prove a negative. . ." Kerr v. Charles F. Vattergott & Co., 184 F.3d 938, 948 (8th Cir. 1999).

It may be possible to argue that the presumption works differently depending on the context. In light of the square holding in Witt, however, I conclude it would be unduly hazardous to hold that plaintiff has failed to rebut the presumption of receipt prior to January 1 (even though the pro se plaintiff has not filed a sworn affidavit consistent with her handwritten brief).

While I am not yet prepared to rule for defendant as a matter of law on the issue of timeliness, it does seem that the matter can be explored further and that a motion for summary judgment might be authorized. Plaintiff's deposition might be taken to develop the circumstances and to determine what she may concede and what she may claim. I note that it is a mysterious remark for plaintiff to say that she "had to inquire" of the Kansas City office and obtained the FAD from that office. Why would she inquire? Was she aware of a mailing from Denver? Was the Kansas City document the second received by her, either directly or constructively?

The motion to dismiss is therefore DENIED without prejudice to further proceedings on the issue of timeliness.

       /s/ Howard F. Sachs
       HOWARD F. SACHS
       UNITED STATES DISTRICT JUDGE

January 4, 2006

Kansas City, Missouri